UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIGHTHOUSE CREDIT FOUNDATION, INC.,

    Plaintiffs,

v.                                          Case No.  8:07-cv-2270-T-24 MAP

ILLINOIS NATIONAL INSURANCE
COMPANY and MARKEL AMERICAN
INSURANCE COMPANY,

    Defendants.
_____/

## **ORDER**

    This cause comes before the Court on Defendants' Joint Motion to Stay and/or Postpone Mediation.  (Doc. No. 12.)  Plaintiff has filed a response in opposition.  (Doc. No. 13.)  While Defendants titled their motion as a motion to stay mediation, they actually request that the Court stay the entire litigation in the instant case, and alternatively request that the requirement of mediation be stayed.

    Defendants state that Plaintiff has been sued in an underlying lawsuit (the "Underlying Litigation") in the Southern District of New York, for which Plaintiff submitted a claim to both Defendants seeking insurance benefits under their respective policies.  Both Defendants denied Plaintiff's claim for benefits, and Plaintiff brought this lawsuit for breach of contract and declaratory relief relating to the denial of its claims.  The Underlying Litigation was dismissed, but is currently on appeal in the Second Circuit Court of Appeals.  Defendants wish to stay the instant case pending the outcome of the appeal of the Underlying Litigation, and argue that until resolution of the Underlying Litigation, Plaintiff cannot know the amount of defense costs incurred and damages that may be suffered.  Defendants also argue that a stay of litigation would

prevent duplicative discovery and motion filings by both parties, and also duplicative efforts by the Court. As an alternative to staying litigation of the instant case, Defendants request that this Court stay the requirement of mediation.

Plaintiff responds that litigation in this case should not be stayed, because the issues relevant to this lawsuit depend on facts that have already occurred. Specifically, both Defendants already denied Plaintiff's claims for benefits. Plaintiff argues that it is unnecessary to wait until the resolution of the Underlying Litigation to determine whether Defendants were wrong to deny coverage. Plaintiff further argues that staying litigation in this case would prejudice and create an unnecessary hardship for it. Plaintiff purchased the insurance policies at issue in order to avoid paying the types of litigation costs it is currently paying in the Underlying Litigation, and staying this case would only prevent reimbursement for these costs indefinitely.

The power of a trial court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 229 U.S. 248, 254 (1936). However, "[t]he interests of all the parties and the interests of the court in an orderly disposition of its caseload must be considered." Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D. Ga. 1983). Upon consideration, the Court finds that the interests of Defendants in staying this action do not outweigh the inconvenience and possible harm which would result to Plaintiff by delaying its action here. The Court further finds that staying the requirement of mediation is not warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Joint Motion to Stay and/or Postpone Mediation (Doc. No. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of June, 2008.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record